**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

SERAFIN GONZALEZ,

    Plaintiff,

    vs.                         **CASE NO.**

BEAST HOLDINGS, LLC,

    Defendant.

_____/

## COMPLAINT

    Plaintiff, SERAFIN GONZALEZ ("Plaintiff"), by his undersigned counsel, hereby files his complaint against Defendant, BEAST HOLDINGS, LLC ("Defendant"), and alleges as follows.

## INTRODUCTION

    1.    Plaintiff SERAFIN GONZALEZ is the owner of the federally-registered trademark "BURGER BEAST," along with all common law rights in the mark and variations thereof. Since the adoption and first use of the mark over a decade ago in connection with Mr. Gonzalez's well-known "BURGER BEAST" blog and website, the use of the "BURGER BEAST" trademark has expanded over time to include, for example, events, food offerings, and merchandise.

    2.    The Defendant recently began offering and selling identical, competing, or related goods and services under the infringing "MRBURGER BEAST" trademark, including in the Southern District of Florida where it operates a handful of business locations. The goods and services offered under the Defendant's infringing "MRBURGER BEAST" trademark have received negative reviews by the public, all to the harm of the reputation and the goodwill

1

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

associated with the Plaintiff, his "BURGER BEAST" trademark, and the goods and services offered under the Plaintiff's trademark.

3.      The Defendant was recently served with a cease-and-desist letter, but has been unwilling to cease the infringement, making the filing of this action necessary.

## JURISDICTION

4.      This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §§1114, 1125(a), and 1125(d), for trademark infringement, false designation of origin, false description or representation, and related unfair competition. Plaintiff also asserts claims in accordance with common law rights pursuant to Fla. Stat. §495.161, for trademark infringement and unfair competition.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. §1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. §1367.

6.      Upon information and belief, Defendant is subject to personal jurisdiction because:

a.      Defendant operates, conducts, engages in, or carries on a business or business venture in this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(1)(a);

b.      Defendant has committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(a);

c.      Defendant caused injury to the property of Plaintiff within this state, and the Southern District of Florida, namely Plaintiff's trademark as set forth herein, arising out of acts or omissions by Defendant outside of this state,

while, at or about the time of the injury the Defendant was engaged in solicitation or service activities within this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(1)(f)(1); and/or

d.     Defendant is engaged in substantial and not isolated activity within this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(2).

## VENUE

7.     Venue is proper under 28 U.S.C. §1391(b) in that, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida, including the acts of infringement complained of herein.

8.     Venue is also proper under 28 U.S.C. §1391(b) because Defendant markets, advertises, offers to sell, and sells the infringing goods and services in the Southern District of Florida and otherwise does business in the Southern District of Florida.

9.     Venue is proper under 28 U.S.C. §1391(b) in that the Defendant is subject to the Court's personal jurisdiction in the Southern District of Florida, for the reasons set forth above in paragraphs 7 and 8.

## THE PARTIES

10.     Plaintiff resides in the Southern District of Florida.

11.     Upon information and belief, Defendant BEAST HOLDINGS, LLC is a North Carolina limited liability company with its principal place of business at 740 SE Greenville Boulevard, Ste 400-163, Greenville, NC 27858, and which has business locations in the Southern District of Florida, as referenced above.

## PLAINTIFF'S "BURGER BEAST" TRADEMARK

12.     Plaintiff adopted his well-known "BURGER BEAST" trademark (hereinafter "Plaintiff's Mark") as far back as 2008, and owns common law rights in the Plaintiff's Mark by virtue of the use of the mark in commerce since at least as early as 2008.

13.     For over ten (10) years, a range of goods and services have been offered in commerce under Plaintiff's well-known "BURGER BEAST" trademark, which has been used in connection with a blog, events, social media, articles, television appearances, publishing a book, the opening of a museum about the history of burgers, and selling a range of goods, such as burgers ("Burger Beast Burgers"), burger sauces ("Guava Sriracha Ketchup by Burger Beast"), merchandise, and other goods and services.

14.     Long prior to any date upon which the Defendant can rely, the Plaintiff adopted the Plaintiff's Mark, and the mark has since its adoption been continuously used in commerce.

15.     Plaintiff maintains a federal trademark registration for the "BURGER BEAST" trademark, namely, U.S. Registration No. 4,862,878.

16.     Since long prior to the acts of Defendant complained of herein, Plaintiff has expended money, time, and effort in advertising, promoting, marketing, and selling the services and products bearing the Plaintiff's Mark.

17.     The Plaintiff's Mark has developed valuable goodwill among the consuming public through, *inter alia*, advertising efforts and expenditures, media coverage, and significant sales.

18.     Since long prior to the acts of Defendant complained of herein, the Plaintiff's Mark has been readily recognizable by the public as associated exclusively with Plaintiff by virtue of long and continuous use.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

## DEFENDANT'S INFRINGING "MRBEAST BURGER" TRADEMARK

19.     Long subsequent to Plaintiff's adoption and use of the distinctive Plaintiff's Mark in commerce, Defendant commenced advertising and selling burgers, burger restaurant services, and other unauthorized and related goods and services, all designated with the confusingly similar mark "MRBEAST BURGER" (the "Infringing Mark").

20.     Defendant's Infringing Mark is confusingly similar to Plaintiff's Mark because: (1) the Plaintiff's Mark is a strong, distinctive trademark; (2) the Infringing Mark is nearly identical to Plaintiff's Mark, and the marks create the same overall impression, including with respect to the sound, appearance, and manner in which they are used; (3) the parties' goods and services are the same or highly related, including because they are of a kind that the public attributes to a single source; (4) the parties' sales channels, distribution, and customer bases are the same or highly similar; (5) the parties' advertising methods or channels are the same or highly similar, including because the parties use the same forums and media to advertise, leading to possible confusion; and (6) the Defendant intended to infringe on Plaintiff's trademark, for at least the reason that the Defendant intentionally ignored the potential for infringement. Additional bases demonstrating a likelihood of confusion between the parties' marks are expected to be revealed through discovery.

21.     Long subsequent to Plaintiff's adoption and use of the distinctive Plaintiff's Mark in commerce, Defendant commenced the use of a domain name (mrbeastburger.com) that is confusingly similar to the Plaintiff's Mark.

22.     Upon information and belief, Defendant was well aware and, since long prior to the acts of the Defendant complained of herein, had been well aware of Plaintiff's use and ownership of the Plaintiff's Mark.

23.     Defendant's acts have been willful, by virtue of at least: (a) the Defendant's knowledge of the Plaintiff's rights in and to the Plaintiff's Mark; and (b) the Defendant's refusal to cease-and-desist from the use of the Infringing Mark and other acts of infringement, as demonstrated by its disregard of the cease-and-desist letter.

24.     The acts of the Defendant complained of herein are in total disregard of Plaintiff's rights and were commenced, and it is believed will continue, in spite of Defendant's knowledge that its use of the Infringing Mark is in direct contravention of Plaintiff's rights.

25.     Upon information and belief, Defendant has enjoyed and continues to enjoy financial gain and profit from the sale and marketing of the goods and services that utilize the Infringing Mark.

26.     Defendant's aforesaid use of the Infringing Mark is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant's products and to cause them to falsely believe that said products are the products of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

27.     The use by Defendant of the Infringing Mark is without the consent, license, or permission of Plaintiff.

28.     Plaintiff has been damaged by Defendant's acts of infringement.

29.     Defendant's aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

30.     Plaintiff has no adequate remedy at law.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### [15 U.S.C. §1114(1)]

31.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 30 as if fully set forth herein.

32.     With full knowledge and awareness of Plaintiff's ownership and prior use of the Plaintiff's Mark, the Defendant has willfully used, is using, and will continue to use the Infringing Mark on goods and services in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

33.     Defendant's acts constitute infringement, use of a confusingly similar mark, and use of a spurious mark, which is identical with or substantially indistinguishable from the Plaintiff's Mark, in violation of and pursuant to 15 U.S.C. §1114.

34.     Defendant's acts have harmed or will harm Plaintiff's reputation, have damaged or will damage Plaintiff's goodwill, and upon information and belief, will create the impression that Plaintiff is an infringer when in fact Defendant is the infringer.

35.     Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

36.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,
## AND FALSE DESIGNATION OF ORIGIN
### [15 U.S.C. §1125(a)]

37.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

through 30 as if fully set forth herein.

38.     Defendant's intentional and unlawful use in commerce of the Infringing Mark constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false or misleading representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship or approval of Defendant's goods, services, or commercial activities by Plaintiff, or to cause reverse confusion thereof.

39.     Defendant's aforesaid acts and use of the Infringing Mark constitutes unfair competition and false designation and/or false description of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

40.     Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

41.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT III
## TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

42.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 30, as if fully set forth herein.

43.     Plaintiff owns and enjoys common law trademark rights in the Plaintiff's Mark in Florida in conjunction with use on goods and services, which rights are superior to any rights that Defendant may claim in and to said trademark.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

44.     Defendant has used, in connection with the sale of goods and services, a term or name that is false and misleading and likely to cause confusion or cause mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff as to the origin, sponsorship or approval of goods, services, or commercial activities in violation of common law.

45.     The sale by Defendant of goods and services bearing the Infringing Mark in the State of Florida is likely to cause confusion as to the source of their goods and services in that purchasers thereof will be likely to associate or have associated such goods and services as originating with Plaintiff, all to the detriment of the Plaintiff.

46.     Defendant's acts have harmed or will harm Plaintiff's reputation, have damaged or will damage Plaintiff's goodwill, and have created or will create the impression that Plaintiff is an infringer when in fact Defendant is the infringer.

47.     Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

48.     Defendant's aforesaid acts constitute infringement, unfair competition, misappropriation, and misuse of the Plaintiff's Mark, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

49.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**COUNT IV**
**UNFAIR COMPETITION UNDER FLORIDA COMMON LAW**

50.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 30, as if fully set forth herein.

51.     The Plaintiff first adopted and used Plaintiff's Mark in his markets or trade areas, as a means of establishing good will and reputation and to identify particular goods and services rendered or offered by the Plaintiff and to distinguish them from similar goods and services rendered or offered by others.

52.     Through its association with such goods and services, the Plaintiff's Mark has, by actual usage, served to identify the Plaintiff as the source of the goods and services.

53.     The Defendant has commenced the use of an identical or confusingly similar trademark, to identify goods and services rendered by it in the same trade areas in which the Plaintiff has already established his trademark.

54.     As a consequence of the Defendant's actions, customer confusion of source or as to the sponsorship of the goods and services offered by the Defendant is likely.

55.     Defendant's aforesaid acts constitute infringement, unfair competition, misappropriation, and misuse of the Plaintiff's Mark, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.      That this Court will adjudge that Plaintiff's Mark has been infringed, as a direct and proximate result of the willful acts of Defendant as set forth in this Complaint, including Defendant's use of the Infringing Mark, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., Fla. Stat. §495.161, and the common law of the State of Florida.

B.      That this Court will adjudge that Defendant has competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

C.      That Defendant, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained:

        1)      From using, applying to register, or registering the Plaintiff's Mark, the Infringing Mark, the confusingly similar domain name, any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and services;

        2)      From using, applying to register, or registering any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized goods and services of Defendant, or of any third parties, are sponsored by, authorized by, or in

any way associated with Plaintiff and/or that the goods and services of Plaintiff are inferior to, copies of, infringing of or imitations of the goods and services of Defendant, or that Defendant's goods and services are the first or original such goods and services;

3)      From infringing the Plaintiff's Mark;

4)      From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendant and Plaintiff, or their respective goods and services or commercial activities;

5)      From falsely representing themselves or their affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Defendant or their affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendant or infringing upon any mark of the Defendant in the use of the Plaintiff's Mark; and

6)      From affixing, applying, annexing, or using in connection with the sale of any goods or services sold by Defendant, a false description or representation including words or other symbols tending to falsely describe or represent such goods or services.

D.      That Defendant be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendant, or third party advertisers and retailers of Defendant's goods and services which bear the Plaintiff's Mark or any infringement thereof,

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

including but not limited to the Infringing Mark, and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, alone or in combination with any other word or element, and all plates, molds, matrices, and other means from making the aforesaid items.

E.      That Defendant be directed to transfer the mrbeastburger.com domain name to Plaintiff, along with any other domain names that are confusingly similar to the Plaintiff's Mark.

F.      That Defendant be directed to, as applicable, surrender for cancellation all trademark registration(s) in the United States for the Infringing Mark or any other confusingly similar variations of the Plaintiff's Mark, and/or to expressly abandon or otherwise withdraw all applications pending in the United States that seek to register the Infringing Mark or any other confusingly similar variations of the Plaintiff's Mark, including U.S. Trademark Application Serial No. 90/327,253, U.S. Trademark Application Serial No. 90/327,247, and U.S. Trademark Application Serial No. 90/327,242.

G.      That Defendant be directed to file with this Court and to serve upon Plaintiff within thirty days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs C through F, including all subparts.

H.      That Plaintiff have and recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts of trademark infringement and unfair competition, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. §1117(b).

I.      That Plaintiff have and recover such sums as are necessary to place or compensate for corrective advertising.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

J.      That Plaintiff have and recover nominal damages.

K.      That Plaintiff have and recover punitive damages, pursuant to the laws of the State of Florida, and common law, in addition to actual damages and/or nominal damages.

L.      That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

M.      That Plaintiff be entitled to injunctive relief as set forth in §34 of the Lanham Act, and that Plaintiff have and recover the remedies set forth in §§35(a) and 36 of the Lanham Act, 15 U.S.C. §§1117(a) and 1118.

N.      That the Court award an accounting of Defendant's profits from the sale of goods and services sold under the Infringing Mark through trial or final adjudication.

O.      That Plaintiff have and recover his reasonable attorney's fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

P.      That Plaintiff have and recover his taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

Q.      That Plaintiff have and recover such further relief as the Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

Dated: January 29, 2021

Miami, Florida                              Respectfully submitted,

                                           <u>Oliver Alan Ruiz</u>
                                           John Cyril Malloy, III
                                           Florida Bar No. 964,220
                                           jcmalloy@malloylaw.com
                                           Oliver Alan Ruiz
                                           Florida Bar No. 524,786
                                           oruiz@malloylaw.com
                                           **MALLOY & MALLOY, P.L.**
                                           2800 S.W. Third Avenue
                                           Miami, Florida 33129
                                           Telephone (305) 858-8000

                                           *Attorneys for Plaintiff*