## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

SERAFIN GONZALEZ,

    Plaintiff,

    vs.                           **CASE NO. 1:21-cv-20396-UU**

BEAST HOLDINGS, LLC, and
VIRTUAL DINING CONCEPTS, LLC,

    Defendants.

_____/

### AMENDED COMPLAINT

Plaintiff, SERAFIN GONZALEZ ("Plaintiff"), by his undersigned counsel, hereby files his amended complaint against Defendants, BEAST HOLDINGS, LLC and VIRTUAL DINING CONCEPTS, LLC, and alleges as follows.

### INTRODUCTION

1.    Plaintiff SERAFIN GONZALEZ is also known to the public as "BURGER BEAST," and is the owner of the federally-registered trademark "BURGER BEAST," along with all common law rights in the mark and variations thereof. Since the adoption and first use of the mark over a decade ago in connection with Mr. Gonzalez's well-known "BURGER BEAST" food blog and website, the use of the "BURGER BEAST" trademark has expanded over time to include, for example, events, food offerings, and merchandise.

2.    The Defendants BEAST HOLDINGS, LLC and VIRTUAL DINING CONCEPTS, LLC recently "joined forces," and together they began advertising, offering, and selling identical, competing, or related goods and services under the infringing "MRBEAST BURGER" trademark, including in Miami-Dade County, where the Defendants advertise and use the infringing

1

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

"MRBEAST BURGER" trademark in connection with a handful of locations that sell burgers and other items.

3.      The goods and services offered under the Defendants' infringing "MRBEAST BURGER" trademark have received negative reviews by the public, all to the harm of the reputation and the goodwill associated with the Plaintiff, his "BURGER BEAST" trademark, and the goods and services offered under the Plaintiff's trademark.

4.      For example, a Pembroke Pines location using the infringing "MRBEAST BURGER" trademark currently has an extremely poor rating (approximately 1.5 stars out of 5) on the popular Yelp.com review site, based on least 8 consumer reviews in the short time that the location has been in operation.

5.      The Defendants have been unwilling to cease the infringement despite the recent issuance of a cease-and-desist letter, making the filing of this action necessary.

<u>**JURISDICTION**</u>

6.      This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, <u>et</u> <u>seq</u>. ("Lanham Act"), particularly 15 U.S.C. §§1114 and 1125(a), for trademark infringement, false designation of origin, false description or representation, and related unfair competition. Plaintiff also asserts claims in accordance with common law rights pursuant to Fla. Stat. §495.161, for trademark infringement and unfair competition.

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. §1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. §1367.

8.      Upon information and belief, both Defendants are subject to personal jurisdiction because:

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

a. Defendant VIRTUAL DINING CONCEPTS is a Florida limited liability company, and resides in the State of Florida;

b. Both Defendants operate, conduct, engage in, or carry on a business or business venture in this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(1)(a), including with respect to the operation of business locations in Miami-Dade County and elsewhere in the Southern District of Florida that bear or use the infringing trademark;

c. Both Defendants have committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(a);

d. Both Defendants caused injury to the property of Plaintiff within this state, and the Southern District of Florida, namely Plaintiff's trademark as set forth herein, arising out of acts or omissions by Defendants outside of this state, while, at or about the time of the injury the Defendants was engaged in solicitation or service activities within this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(1)(f)(1); and/or

e. Both Defendants are engaged in substantial and not isolated activity within this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(2), including with respect to the operation of business locations in Miami-Dade County and elsewhere in the Southern District of Florida that bear or use the infringing trademark.

## **VENUE**

9. Venue is proper under 28 U.S.C. §1391(b) in that, upon information and belief, a

substantial part of the events or omissions giving rise to the claim occurred in Miami-Dade County and elsewhere in the Southern District of Florida, including the acts of infringement complained of herein against each Defendant.

10.     Venue is also proper under 28 U.S.C. §1391(b) because both Defendants market, advertise, offer to sell, and sell the infringing goods and services in Miami-Dade County and elsewhere in the Southern District of Florida, and otherwise do business in the Southern District of Florida.

11.     Venue is proper under 28 U.S.C. §1391(b) in that both Defendants are subject to the Court's personal jurisdiction in the Southern District of Florida, for the reasons set forth above in paragraphs 9 and 10.

## THE PARTIES

12.     Plaintiff SERAFIN GONZALEZ resides in Miami-Dade County, in the Southern District of Florida.

13.     Upon information and belief, Defendant BEAST HOLDINGS, LLC is a North Carolina limited liability company with its principal place of business at 740 SE Greenville Boulevard, Ste 400-163, Greenville, NC 27858, and has partnered with Defendant VIRTUAL DINING CONCEPTS, LLC to use the infringing trademark in connection with goods and services that are offered at or from business locations in Miami-Dade County and this District, as referenced above, and elsewhere in the United States.

14.     Upon information and belief, Defendant VIRTUAL DINING CONCEPTS, LLC is a Florida limited liability company with its principal place of business at 4700 Millenia Boulevard, Suite 415, Orlando, Florida 32839, and has partnered with Defendant BEAST HOLDINGS, LLC to use the infringing trademark in connection with goods and services that are offered at or from

business locations in Miami-Dade County and this District, as referenced above, and elsewhere in the United States.

**PLAINTIFF'S "BURGER BEAST" TRADEMARK**

15.     Plaintiff is the owner of the well-known "BURGER BEAST" trademark (hereinafter "Plaintiff's Mark") which he adopted as far back as 2008, and which Plaintiff continues to use in commerce. Plaintiff owns common law rights in the Plaintiff's Mark by virtue of the use of the mark in commerce since at least as early as 2008, and is so associated with the mark that the consuming public also refers to him as "BURGER BEAST":



16.     Plaintiff has extensively marketed and offered goods and services under the Plaintiff's Mark in interstate commerce, including on his website, located at burgerbeast.com. As noted on his popular website, Plaintiff has, since at least as early as September 2008, "celebrated anything and everything about comfort food in South Florida and beyond."

17.     Plaintiff has made appearances on popular podcasts, and on television programs on The Food Network, Travel Channel, and food programs in other countries.

18.     One of Plaintiff's events earned a Guinness World Record for being the largest food truck parade at the time.

19.     Plaintiff has also partnered over time with the well-known South Beach Wine & Food Festival to arrange, organize, and conduct events.

20.     In 2015, the City of Miami Springs issued a Proclamation making April 7 "BURGER BEAST DAY," in which it recognized that Plaintiff "aka Burger Beast, is South Florida's preeminent food blogger".

21.     The Plaintiff and the Plaintiff's Mark surged in popularity, and Plaintiff expanded the use of his mark to other goods and services.

22.     The Plaintiff's Mark is used, and has long been used, in commerce by Plaintiff in connection with his well-known website (burgerbeast.com) which features content about burgers and other food items, restaurants, Plaintiff's events, and other events.

23.     The Plaintiff's Mark is also used on and in connection with goods that are sold in interstate commerce, including on popcorn sold on Plaintiff's website, and with Plaintiff's burger sauces ("Guava Sriracha Ketchup by Burger Beast" and "Honey Mustard Curry by Burger Beast"):

 

24.     The Plaintiff's Mark is also used on and in connection with merchandise and other goods that are sold in interstate commerce, including goods available at Plaintiff's "BURGER BEAST SHOPPE" on his website (including for example, t-shirts, tote bags, and pins).

25.     The Plaintiff's Mark is also used in connection with arranging, organizing, conducting, and hosting social entertainment events. Examples of Plaintiff's events have included "Burger Beast Burger Brawl," "Burger Beast Burgie Awards," and "Hamburger House Party".

26.     From 2016 to 2019, Plaintiff also featured his extensive collection of burger restaurant items at The Burger Museum by Burger Beast, in Miami, Florida.

27.     In 2019, the Plaintiff also authored a book about burgers that is titled "All About the Burger: History of America's Favorite Sandwich".

28.     Plaintiff has also used the Plaintiff's Mark in commerce in connection with "BURGER BEAST" burgers sold to the consuming public, and in connection with "BEAST BOX" meal kits that feature burgers and hot dogs, which have also been sold to the consuming public.

29.     In addition to the Plaintiff's above-described trademark rights in the Plaintiff's Mark, Plaintiff owns and maintains a federal trademark registration for the "BURGER BEAST"

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

trademark, namely, U.S. Registration No. 4,862,878, used in connection with arranging, organizing, conducting, and hosting social entertainment events. The registration is valid, subsisting and in full force and effect, and therefore confers a nationwide right of exclusive use of the "BURGER BEAST" trademark in connection with the services specified in the registration, pursuant to 15 U.S.C. § 1057(c).

30.     The Plaintiff's Mark is prominently displayed on and in connection with Plaintiff's website, advertising, goods, and services; and has, by actual usage, served to identify the Plaintiff as the source of the goods and services.

31.     Plaintiff has utilized and continues to utilize the Plaintiff's Mark in interstate commerce on goods, product packaging, services, business materials, invoices, sales receipts, advertising, websites, and social media.

32.     As detailed above, for over ten years and long prior to any date upon with the Defendants can rely, a range of goods and services have been offered in commerce under Plaintiff's well-known "BURGER BEAST" trademark, including a food blog, a mobile application for smartphones, website, events, social media, articles, television appearances, publishing a book, the opening of a museum about the history of burgers, and in connection with selling a range of goods, including burgers ("Burger Beast Burgers"), as well as, other goods and services.

33.     The Plaintiff's Mark has also been used on food delivery sites (for example, on Uber Eats and on Postmates), for food items such as "THE BURGER BEAST" for a double smash burger, and "BEAST FRIES" (the Defendants offer "BEAST STYLE" burgers consisting of "smashed crispy beef patties," and "BEAST STYLE FRIES" on their "MRBEAST BURGER" menu).

34.     Long prior to any date upon which the Defendants can rely, the Plaintiff adopted the Plaintiff's Mark, and the mark has since its adoption been continuously used in commerce, including in interstate commerce.

35.     Since long prior to the acts of Defendants complained of herein, Plaintiff has expended money, time, and effort in advertising, promoting, marketing, and selling the services and products bearing the Plaintiff's Mark.

36.     The Plaintiff's Mark has developed valuable goodwill among the consuming public through, *inter alia*, advertising efforts and expenditures, media coverage, and significant sales. As a result of Plaintiff's extensive and continuous use, the Plaintiff's Mark is extremely strong and has garnered widespread recognition with the consuming public.

37.     Since long prior to the acts of Defendants complained of herein, and by virtue of the long-term use and recognition of Plaintiff's Mark as a source identifier for the Plaintiff's goods and services, the Plaintiff's Mark has acquired secondary meaning and significance in the minds of the purchasing public.

38.     The Plaintiff's Mark indicates the origin of Plaintiff's goods and services, and is relied upon and recognized by consumers and members of the trade, as a symbol of and assurance as to the quality of the Plaintiff's goods and services. Plaintiff's Mark is consistently recognized and immediately associated by consumers and the trade as identifying Plaintiff, and Plaintiff's stellar goods and services.

### UNLAWFUL ACTIVITIES OF DEFENDANT BEAST HOLDINGS, LLC

39.     Long subsequent to Plaintiff's adoption and use of the distinctive Plaintiff's Mark in commerce, the Defendant BEAST HOLDINGS, LLC adopted and used in commerce the mark "MRBEAST BURGER" (the "Infringing Mark"), a mark that is confusingly similar to Plaintiff's

Mark, such that consumers are likely to confuse the two.

40.     Upon information and belief, the Defendant BEAST HOLDINGS, LLC is a company owned, operated, or otherwise associated with Jimmy Donaldson, a social media personality.

41.     Upon information and belief, the Defendant BEAST HOLDINGS, LLC has licensed the Infringing Mark to the Defendant VIRTUAL DINING CONCEPTS, LLC (which, upon information and belief, is also licensed to the operators of restaurants that use the Infringing Mark), and has otherwise partnered or entered into a business relationship with Defendant VIRTUAL DINING CONCEPTS, LLC to launch, own, operate, manage, franchise, or provide branding to "virtual restaurants" or "ghost kitchens" that feature food delivery services that are offered in connection with the use of the Infringing Mark.

42.     Defendant BEAST HOLDINGS, LLC has advertised and used, and has caused others to advertise and use, the Infringing Mark in commerce in connection with burgers, burger restaurant services, food delivery services featuring burgers, and other unauthorized and related goods and services, all designated with the Infringing Mark.

43.     The Defendant BEAST HOLDINGS, LLC has used, continues to use, and has caused others to use, the Infringing Mark in interstate commerce in the United States, including in Miami-Dade County, Florida, and thus in the Southern District of Florida, where the Defendant BEAST HOLDINGS, LLC uses and causes others to use the Infringing Mark in connection with burgers and other goods and services that are sold to the consuming public, and that are offered from business locations that are operated as "MRBEAST BURGER" locations.

44.     The Defendant BEAST HOLDINGS, LLC has, in contravention of the Plaintiff's trademark rights, also filed applications with the U.S. Patent & Trademark Office to register the

Infringing Mark and variations thereof in connection with similar, competing, or related goods and services, namely, "food delivery," "[r]estaurant services, namely, providing a  ghost kitchen for use in preparation of meals and beverages for consumption off premises," "take-out restaurant services," "food preparation services featuring meals for delivery," "restaurant services," "catering services," and "clothing, namely, t-shirts, shirts, sweatshirts, hoodies, hats, and aprons". The applications have been assigned U.S. Serial Nos. 90/327,242, 90/327,247, and 90/327,253, and all of the applications identify the Defendant BEAST HOLDINGS, LLC as the owner of the Infringing Mark.

45.     The Infringing Mark is confusingly similar to Plaintiff's Mark because: (1) the Plaintiff's Mark is a strong, distinctive trademark; (2) the Infringing Mark is nearly identical to Plaintiff's Mark, and the marks create the same overall impression, including with respect to the sound, appearance, and manner in which they are used; (3) the parties' goods and services are the same or highly related, including because they are of a kind that the public attributes to a single source; (4) the parties' sales channels, distribution, and customer bases are the same or highly similar; (5) the parties' advertising methods or channels are the same or highly similar, including because the parties use the same forums and media to advertise, leading to possible confusion; and (6) the Defendant BEAST HOLDINGS, LLC intended to infringe on Plaintiff's trademark, for at least the reason that the Defendant BEAST HOLDINGS, LLC intentionally ignored the potential for infringement. Additional bases demonstrating a likelihood of confusion between the parties' marks are expected to be revealed through discovery.

46.     Long subsequent to Plaintiff's adoption and use of the distinctive Plaintiff's Mark in commerce, the Defendant BEAST HOLDINGS, LLC, as part of its collaboration with Defendant VIRTUAL DINING CONCEPTS, LLC, also commenced the use of a website that is

found on the internet at mrbeastburger.com, where the Defendant BEAST HOLDINGS, LLC uses, or causes others (including without limitation the Defendant VIRTUAL DINING CONCEPTS, LLC) to use the Infringing Mark to advertise and sell goods and services.

47.     The Defendant BEAST HOLDINGS, LLC also uses, or causes others (including without limitation the Defendant VIRTUAL DINING CONCEPTS, LLC) to use the Infringing Mark as the domain name for that website, on social media sites, and elsewhere on the internet.

48.     According to the mrbeastburger.com website, the Defendant BEAST HOLDINGS, LLC and the Defendant VIRTUAL DINING CONCEPTS, LLC "joined forces . . . to create MrBeast Burger".

49.     The Defendant BEAST HOLDINGS, LLC has utilized and continues to utilize the Infringing Mark in interstate commerce on and in connection with goods, product packaging, services, business materials, invoices, sales receipts, advertising, websites, social media, and mobile applications, without Plaintiff's permission, consent, or authorization.

50.     Upon information and belief, the Defendant BEAST HOLDINGS, LLC was well aware and, since long prior to the acts of the Defendant BEAST HOLDINGS, LLC complained of herein, had been well aware of Plaintiff's use and ownership of the Plaintiff's Mark.

51.     The acts of the Defendant BEAST HOLDINGS, LLC have been willful, by virtue of at least: (a) its knowledge of the Plaintiff's rights in and to the Plaintiff's Mark; and (b) its refusal to cease-and-desist from the use of the Infringing Mark and other acts of infringement, as demonstrated by its disregard of the cease-and-desist letter.

52.     The acts of the Defendant BEAST HOLDINGS, LLC complained of herein are in total disregard of Plaintiff's rights and were commenced, and it is believed will continue, in spite of Defendant BEAST HOLDINGS, LLC's knowledge that its use of the Infringing Mark is in

direct contravention of Plaintiff's rights.

53.     Upon information and belief, the Defendant BEAST HOLDINGS, LLC has enjoyed and continues to enjoy financial gain and profit from the sale and marketing of the goods and services that utilize the Infringing Mark.

54.     The Defendant BEAST HOLDINGS, LLC's aforesaid use of the Infringing Mark is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendant BEAST HOLDINGS, LLC's goods and services and to cause them to falsely believe that said goods and services are the goods and services of Plaintiff, or are sponsored, licensed, associated, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

55.     The Defendant BEAST HOLDINGS, LLC's use, licensing, and attempts to register the Infringing Mark are without the consent, license, or permission of Plaintiff.

56.     Plaintiff has been damaged by the Defendant BEAST HOLDINGS, LLC's acts of infringement and unfair competition.

57.     Defendant BEAST HOLDINGS, LLC's aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

58.     Plaintiff has no adequate remedy at law.

**UNLAWFUL ACTIVITIES OF DEFENDANT VIRTUAL DINING CONCEPTS, LLC**

59.     Long subsequent to Plaintiff's adoption and use of the distinctive Plaintiff's Mark in commerce, the Defendant VIRTUAL DINING CONCEPTS, LLC adopted and used in commerce the Infringing Mark ("MRBEAST BURGER"), a mark that is confusingly similar to Plaintiff's Mark, such that consumers are likely to confuse the two.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

60.     The Defendant VIRTUAL DINING CONCEPTS, LLC is a company that, *inter alia,* offers to partner with restaurants to create "a virtual restaurant" in their kitchens, in connection with providing food delivery services.

61.     The Defendant VIRTUAL DINING CONCEPTS, LLC also partners with companies like the Defendant BEAST HOLDINGS, LLC to provide these restaurants with branding to be used in connection with the "virtual restaurants" or "ghost kitchens".

62.     Upon information and belief, the Defendant VIRTUAL DINING CONCEPTS, LLC has licensed the Infringing Mark from the Defendant BEAST HOLDINGS, LLC (which, upon information and belief, is also licensed to the operators of restaurants that use the Infringing Mark), and has otherwise partnered or entered into a business relationship with Defendant BEAST HOLDINGS, LLC to launch, own, operate, manage, franchise, or provide branding to "virtual restaurants" or "ghost kitchens" that feature food delivery services that are offered in connection with the use of the Infringing Mark.

63.     Defendant VIRTUAL DINING CONCEPTS, LLC has advertised and used, and has caused others to advertise and use, the Infringing Mark in commerce in connection with burgers, burger restaurant services, food delivery services featuring burgers, and other unauthorized and related goods and services, all designated with the Infringing Mark.

64.     The Defendant VIRTUAL DINING CONCEPTS, LLC has used, continues to use, and has caused others to use, the Infringing Mark in interstate commerce in the United States, including in Miami-Dade County, Florida, and thus in the Southern District of Florida, where the Defendant VIRTUAL DINING CONCEPTS, LLC uses and causes others to use the Infringing Mark in connection with burgers and other goods and services that are sold to the consuming public, and that are offered from business locations that are operated as "MRBEAST BURGER"

14

locations.

65.    The Infringing Mark is confusingly similar to Plaintiff's Mark because: (1) the Plaintiff's Mark is a strong, distinctive trademark; (2) the Infringing Mark is nearly identical to Plaintiff's Mark, and the marks create the same overall impression, including with respect to the sound, appearance, and manner in which they are used; (3) the parties' goods and services are the same or highly related, including because they are of a kind that the public attributes to a single source; (4) the parties' sales channels, distribution, and customer bases are the same or highly similar; (5) the parties' advertising methods or channels are the same or highly similar, including because the parties use the same forums and media to advertise, leading to possible confusion; and (6) the Defendant VIRTUAL DINING CONCEPTS, LLC intended to infringe on Plaintiff's trademark, for at least the reason that the Defendant VIRTUAL DINING CONCEPTS, LLC intentionally ignored the potential for infringement. Additional bases demonstrating a likelihood of confusion between the parties' marks are expected to be revealed through discovery.

66.    Long subsequent to Plaintiff's adoption and use of the distinctive Plaintiff's Mark in commerce, the Defendant VIRTUAL DINING CONCEPTS, LLC, as part of its collaboration with Defendant BEAST HOLDINGS, LLC, also commenced the use of a website that is found on the internet at mrbeastburger.com, where the Defendant VIRTUAL DINING CONCEPTS, LLC uses, or causes others (including without limitation the Defendant BEAST HOLDINGS, LLC) to use the Infringing Mark to advertise and sell goods and services.

67.    The Defendant VIRTUAL DINING CONCEPTS, LLC also uses, or causes others (including without limitation the Defendant BEAST HOLDINGS, LLC) to use the Infringing Mark as the domain name for that website, on social media sites, and elsewhere on the internet.

68.    According to the mrbeastburger.com website, the Defendant VIRTUAL DINING

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

CONCEPTS, LLC and the Defendant BEAST HOLDINGS, LLC "joined forces . . . to create MrBeast Burger".

69.     The Defendant VIRTUAL DINING CONCEPTS, LLC has utilized and continues to utilize the Infringing Mark in interstate commerce on goods, product packaging, services, business materials, invoices, sales receipts, advertising, websites, social media, and mobile applications, without Plaintiff's permission, consent, or authorization.

70.     Upon information and belief, the Defendant VIRTUAL DINING CONCEPTS, LLC was well aware and, since long prior to the acts of the Defendant VIRTUAL DINING CONCEPTS, LLC complained of herein, had been well aware of Plaintiff's use and ownership of the Plaintiff's Mark.

71.     The acts of the Defendant VIRTUAL DINING CONCEPTS, LLC have been willful, by virtue of at least: (a) its knowledge of the Plaintiff's rights in and to the Plaintiff's Mark; and (b) its refusal to cease-and-desist from the use of the Infringing Mark and other acts of infringement, as demonstrated by its disregard of the cease-and-desist letter.

72.     The acts of the Defendant VIRTUAL DINING CONCEPTS, LLC complained of herein are in total disregard of Plaintiff's rights and were commenced, and it is believed will continue, in spite of Defendant VIRTUAL DINING CONCEPTS, LLC's knowledge that its use of the Infringing Mark is in direct contravention of Plaintiff's rights.

73.     Upon information and belief, the Defendant VIRTUAL DINING CONCEPTS, LLC has enjoyed and continues to enjoy financial gain and profit from the sale and marketing of the goods and services that utilize the Infringing Mark.

74.     The Defendant VIRTUAL DINING CONCEPTS, LLC's aforesaid use of the Infringing Mark is likely to cause confusion, to cause mistake, and to deceive customers and

prospective customers as to the origin or sponsorship of Defendant VIRTUAL DINING CONCEPTS, LLC's goods and services and to cause them to falsely believe that said goods and services are the goods and services of Plaintiff, or are sponsored, licensed, associated, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

75.     The Defendant VIRTUAL DINING CONCEPTS, LLC's use and licensing of the Infringing Mark is without the consent, license, or permission of Plaintiff.

76.     Plaintiff has been damaged by the Defendant VIRTUAL DINING CONCEPTS, LLC's acts of infringement and unfair competition.

77.     Defendant VIRTUAL DINING CONCEPTS, LLC's aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

78.     Plaintiff has no adequate remedy at law.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**[15 U.S.C. §1114(1)]**

**Against Defendant Beast Holdings, LLC**

79.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 58 as if fully set forth herein.

80.     With full knowledge and awareness of Plaintiff's ownership and prior use of the Plaintiff's Mark, the Defendant BEAST HOLDINGS, LLC has willfully used, continues to use, and has caused other to use, the Infringing Mark in commerce, on or in connection with goods and services in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

81.     The acts of the Defendant BEAST HOLDINGS, LLC constitute infringement, use

of a confusingly similar mark, and use of a spurious mark, which is identical with or substantially

indistinguishable from the Plaintiff's Mark, in violation of and pursuant to 15 U.S.C. §1114.

82.     The acts of the Defendant BEAST HOLDINGS, LLC have harmed or will harm

Plaintiff's reputation, have damaged or will damage Plaintiff's goodwill, and upon information

and belief, will create the impression that Plaintiff is an infringer when in fact the Defendant

BEAST HOLDINGS, LLC is the infringer.

83.     The aforesaid acts of the Defendant BEAST HOLDINGS, LLC have caused and

will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court,

they will be continued and Plaintiff will continue to suffer great and irreparable injury.

84.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

### COUNT II
### FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN
### [15 U.S.C. §1125(a)]

### Against Defendant Beast Holdings, LLC

85.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1

through 58 as if fully set forth herein.

86.     The intentional and unlawful use in commerce of the Infringing Mark by the

Defendant BEAST HOLDINGS, LLC constitutes use in commerce of a word, term, name, symbol,

or device, or a combination thereof, or a false designation of origin, false or misleading description,

and false or misleading representation that is likely to cause confusion, reverse confusion, or to

cause mistake, or to deceive as to affiliation, connection, or association of Defendant BEAST

HOLDINGS, LLC with Plaintiff, or as to origin, sponsorship or approval of Defendant BEAST

HOLDINGS, LLC's goods, services, or commercial activities by Plaintiff, or to cause reverse confusion thereof.

87.    The aforesaid acts and use of the Infringing Mark by the Defendant BEAST HOLDINGS, LLC constitutes unfair competition and false designation, and/or false description of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

88.    The aforesaid acts of the Defendant BEAST HOLDINGS, LLC have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

89.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**COUNT III**
**TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW**

**Against Defendant Beast Holdings, LLC**

90.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 58, as if fully set forth herein.

91.    Plaintiff owns and enjoys common law trademark rights in the Plaintiff's Mark in Florida in conjunction with use on goods and services, which rights are superior to any rights that Defendant BEAST HOLDINGS, LLC may claim in and to said trademark.

92.    Defendant BEAST HOLDINGS, LLC has used, in connection with the sale of goods and services, a term or name that is false and misleading and likely to cause confusion or cause mistake or deception as to the affiliation, connection or association of Defendant BEAST HOLDINGS, LLC with Plaintiff as to the origin, sponsorship or approval of goods, services, or commercial activities in violation of common law.

19
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

93.     The sale by Defendant BEAST HOLDINGS, LLC of goods and services bearing the Infringing Mark in the State of Florida is likely to cause confusion as to the source of the goods and services in that purchasers thereof will be likely to associate or have associated such goods and services as originating with Plaintiff, all to the detriment of the Plaintiff.

94.     The acts of Defendant BEAST HOLDINGS, LLC have harmed or will harm Plaintiff's reputation, have damaged or will damage Plaintiff's goodwill, and have created or will create the impression that Plaintiff is an infringer when in fact the Defendant BEAST HOLDINGS, LLC is the infringer.

95.     The aforesaid acts of Defendant BEAST HOLDINGS, LLC have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

96.     The aforesaid acts of Defendant BEAST HOLDINGS, LLC constitute infringement, unfair competition, misappropriation, and misuse of the Plaintiff's Mark, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant BEAST HOLDINGS, LLC, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

97.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**COUNT IV**
**UNFAIR COMPETITION UNDER FLORIDA COMMON LAW**

**Against Defendant Beast Holdings, LLC**

98.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1

through 58, as if fully set forth herein.

99.     The Plaintiff first adopted and used Plaintiff's Mark in his markets or trade areas, as a means of establishing good will and reputation and to identify particular goods and services rendered or offered by the Plaintiff and to distinguish them from similar goods and services rendered or offered by others.

100.    Through its association with such goods and services, the Plaintiff's Mark has, by actual usage, served to identify the Plaintiff as the source of the goods and services.

101.    The Defendant BEAST HOLDINGS, LLC has commenced the use of an identical or confusingly similar trademark, to identify goods and services rendered by it in the same trade areas in which the Plaintiff has already established his trademark.

102.    As a consequence of the Defendant BEAST HOLDINGS, LLC's actions, customer confusion of source or as to the sponsorship of the goods and services offered by the Defendant BEAST HOLDINGS, LLC is likely.

103.    The aforesaid acts of Defendant BEAST HOLDINGS, LLC constitute infringement, unfair competition, misappropriation, and misuse of the Plaintiff's Mark, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant BEAST HOLDINGS, LLC, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

104.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

### COUNT V
### FEDERAL TRADEMARK INFRINGEMENT
### [15 U.S.C. §1114(1)]
### Against Defendant Virtual Dining Concepts, LLC

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

105.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 38, and 59 through 78, as if fully set forth herein.

106.     With full knowledge and awareness of Plaintiff's ownership and prior use of the Plaintiff's Mark, the Defendant VIRTUAL DINING CONCEPTS, LLC has willfully used, continues to use, and has caused other to use, the Infringing Mark in commerce, on or in connection with goods and services in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

107.     The acts of the Defendant VIRTUAL DINING CONCEPTS, LLC constitute infringement, use of a confusingly similar mark, and use of a spurious mark, which is identical with or substantially indistinguishable from the Plaintiff's Mark, in violation of and pursuant to 15 U.S.C. §1114.

108.     The acts of the Defendant VIRTUAL DINING CONCEPTS, LLC have harmed or will harm Plaintiff's reputation, have damaged or will damage Plaintiff's goodwill, and upon information and belief, will create the impression that Plaintiff is an infringer when in fact the Defendant VIRTUAL DINING CONCEPTS, LLC is the infringer.

109.     The aforesaid acts of the Defendant VIRTUAL DINING CONCEPTS, LLC have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

110.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

## COUNT VI
## FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN
## [15 U.S.C. §1125(a)]

### Against Defendant Virtual Dining Concepts, LLC

111.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 38, and 59 through 78, as if fully set forth herein.

112.     The intentional and unlawful use in commerce of the Infringing Mark by the Defendant VIRTUAL DINING CONCEPTS, LLC constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false or misleading representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant VIRTUAL DINING CONCEPTS, LLC with Plaintiff, or as to origin, sponsorship or approval of Defendant VIRTUAL DINING CONCEPTS, LLC's goods, services, or commercial activities by Plaintiff, or to cause reverse confusion thereof.

113.     The aforesaid acts and use of the Infringing Mark by the Defendant VIRTUAL DINING CONCEPTS, LLC constitutes unfair competition and false designation and/or false description of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

114.     The aforesaid acts of the Defendant VIRTUAL DINING CONCEPTS, LLC have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

115.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

## COUNT VII
## TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

### Against Defendant Virtual Dining Concepts, LLC

116.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 38, and 59 through 78, as if fully set forth herein.

117.     Plaintiff owns and enjoys common law trademark rights in the Plaintiff's Mark in Florida in conjunction with use on goods and services, which rights are superior to any rights that Defendant VIRTUAL DINING CONCEPTS, LLC may claim in and to said trademark.

118.     Defendant VIRTUAL DINING CONCEPTS, LLC has used, in connection with the sale of goods and services, a term or name that is false and misleading and likely to cause confusion or cause mistake or deception as to the affiliation, connection or association of Defendant VIRTUAL DINING CONCEPTS, LLC with Plaintiff as to the origin, sponsorship or approval of goods, services, or commercial activities in violation of common law.

119.     The sale by Defendant VIRTUAL DINING CONCEPTS, LLC of goods and services bearing the Infringing Mark in the State of Florida is likely to cause confusion as to the source of the goods and services in that purchasers thereof will be likely to associate or have associated such goods and services as originating with Plaintiff, all to the detriment of the Plaintiff.

120.     The acts of Defendant VIRTUAL DINING CONCEPTS, LLC have harmed or will harm Plaintiff's reputation, have damaged or will damage Plaintiff's goodwill, and have created or will create the impression that Plaintiff is an infringer when in fact the Defendant VIRTUAL DINING CONCEPTS, LLC is the infringer.

121.     The aforesaid acts of Defendant VIRTUAL DINING CONCEPTS, LLC have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

122.    The aforesaid acts of Defendant VIRTUAL DINING CONCEPTS, LLC constitute infringement, unfair competition, misappropriation, and misuse of the Plaintiff's Mark, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant VIRTUAL DINING CONCEPTS, LLC, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

123.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**COUNT VIII**
**<u>UNFAIR COMPETITION UNDER FLORIDA COMMON LAW</u>**

**<u>Against Defendant Virtual Dining Concepts, LLC</u>**

124.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 38, and 59 through 78, as if fully set forth herein.

125.    The Plaintiff first adopted and used Plaintiff's Mark in his markets or trade areas, as a means of establishing good will and reputation and to identify particular goods and services rendered or offered by the Plaintiff and to distinguish them from similar goods and services rendered or offered by others.

126.    Through its association with such goods and services, the Plaintiff's Mark has, by actual usage, served to identify the Plaintiff as the source of the goods and services.

127.    The Defendant VIRTUAL DINING CONCEPTS, LLC has commenced the use of an identical or confusingly similar trademark, to identify goods and services rendered by it in the same trade areas in which the Plaintiff has already established his trademark.

128.     As a consequence of the Defendant VIRTUAL DINING CONCEPTS, LLC's actions, customer confusion of source or as to the sponsorship of the goods and services offered by the Defendant VIRTUAL DINING CONCEPTS, LLC is likely.

129.     The aforesaid acts of Defendant VIRTUAL DINING CONCEPTS, LLC constitute infringement, unfair competition, misappropriation, and misuse of the Plaintiff's Mark, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant VIRTUAL DINING CONCEPTS, LLC, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

130.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A.     That this Court will adjudge that Plaintiff's Mark has been infringed, as a direct and proximate result of the willful acts of Defendants as set forth in this Complaint, including Defendants' use of the Infringing Mark, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., Fla. Stat. §495.161, and the common law of the State of Florida.

B.     That this Court will adjudge that Defendants have competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

C.     That Defendants, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained:

1)     From using or licensing the Plaintiff's Mark, the Infringing Mark, or any

reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and services;

2) From using, applying to register, or registering any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized goods and services of Defendants, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff and/or that the goods and services of Plaintiff are inferior to, copies of, infringing of or imitations of the goods and services of Defendants, or that Defendants' goods and services are the first or original such goods and services;

3) From applying to register, or registering the Plaintiff's Mark, the Infringing Mark, or any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and services;

4) From using, licensing, maintaining, registering, or renewing the confusingly similar domain name mrbeastburger.com, or any reproduction, infringement, copy or colorable imitation and any formative variations or

27

phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and services;

5) From infringing the Plaintiff's Mark;

6) From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendants and Plaintiff, or their respective goods and services or commercial activities;

7) From falsely representing themselves or their affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Defendants or their affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendants or infringing upon any mark of the Defendants in the use of the Plaintiff's Mark; and

8) From affixing, applying, annexing, or using in connection with the sale of any goods or services sold by Defendants, a false description or representation including words or other symbols tending to falsely describe or represent such goods or services.

D. That Defendants be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendants, or third party advertisers and retailers of Defendants' goods and services which bear the Plaintiff's Mark or any

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

infringement thereof, including but not limited to the Infringing Mark, and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, alone or in combination with any other word or element, and all plates, molds, matrices, and other means from making the aforesaid items.

E.     That Defendants be directed to transfer the mrbeastburger.com domain name to Plaintiff, along with any other domain names that are confusingly similar to the Plaintiff's Mark.

F.     That Defendants be directed to, as applicable, surrender for cancellation all trademark registration(s) in the United States for the Infringing Mark or any other confusingly similar variations of the Plaintiff's Mark, and/or to expressly abandon or otherwise withdraw all applications pending in the United States that seek to register the Infringing Mark or any other confusingly similar variations of the Plaintiff's Mark, including U.S. Trademark Application Serial No. 90/327,253, U.S. Trademark Application Serial No. 90/327,247, and U.S. Trademark Application Serial No. 90/327,242.

G.     That Defendants be directed to file with this Court and to serve upon Plaintiff within thirty days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs C through F, including all subparts.

H.     That Plaintiff have and recover Defendants' profits and the damages of Plaintiff arising from Defendants' acts of trademark infringement and unfair competition, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. §1117(b).

I.     That Plaintiff have and recover such sums as are necessary to place or compensate for corrective advertising.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

J.      That Plaintiff have and recover nominal damages.

K.      That Plaintiff have and recover punitive damages, pursuant to the laws of the State of Florida, and common law, in addition to actual damages and/or nominal damages.

L.      That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

M.      That Plaintiff be entitled to injunctive relief as set forth in §34 of the Lanham Act, 15 U.S.C. § 1116;

N.      That Plaintiff have and recover the remedies set forth in §35 of the Lanham Act, 15 U.S.C. §§1117.

O.      That Plaintiff have and recover the remedies set forth in §36 of the Lanham Act, 15 U.S.C. §§1118.

P.      That the Court award an accounting of Defendants' profits from the sale of goods and services sold under the Infringing Mark through trial or final adjudication.

Q.      That Plaintiff have and recover his reasonable attorney's fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

R.      That Plaintiff have and recover his taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

S.      That Plaintiff have and recover such further relief as the Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

**MALLOY & MALLOY, P.L.**
2800 S.W. Third Ave., Miami, Florida 33129

Dated: January 30, 2021

Miami, Florida                                    Respectfully submitted,

                                                  Oliver Alan Ruiz
                                                  John Cyril Malloy, III
                                                  Florida Bar No. 964,220
                                                  jcmalloy@malloylaw.com
                                                  Oliver Alan Ruiz
                                                  Florida Bar No. 524,786
                                                  oruiz@malloylaw.com
                                                  **MALLOY & MALLOY, P.L.**
                                                  2800 S.W. Third Avenue
                                                  Miami, Florida 33129
                                                  Telephone (305) 858-8000

                                                  *Attorneys for Plaintiff*